STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, S.C. SUPREME COURT

STATE OF RHODE ISLAND :

v. : No. 2005-0108-C.A.
(W1-2003-0316A)

HAROLD DREW :

**AFFIDAVIT**

I, Harold Drew, being first duly sworn, depose and do say:

1. I am the appellant in the above-captioned case;

2. I was present throughout my trial on these charges;

3. I paid very careful attention throughout the trial proceedings and each time I was in court;

4. After the transcript was prepared by the stenographer for my appeal, I arranged for a Xerox copy of the transcript to be provided to me;

5. While my jury was deliberating on Wednesday, November 10, 2004, the jury asked the judge that certain parts of the testimony be read back to them about the positions of the parties during the shooting (see Transcript of November 10, 2004, at p. 1367-68);

6. The judge did read back certain testimony, but my attorney, John Lovoy, objected and told Justice Clifton that he wasn't reading back enough of the testimony. I agreed with him that enough wasn't being read back and I felt at the time that it wasn't fair;

7. My appellate attorney, Catherine Gibran, told me she tried to find out (by contacting the trial judge, the prosecutor, my trial lawyer, and the stenographer) what, exactly, was read back to the jury, but, apparently, no one kept notes as to what, exactly, was read back to the jury;

8. When I heard that news, I read through the transcript myself. I do recall what was read back: from p. 637, question 4, through p. 638, question 11 ~~(or possibly to p. 638, question~~ ). (See pages 637 and 638, attached.); HD RRM

9. I am submitting this Affidavit in the hope that my appellate lawyer will be able to raise this issue on by behalf in my appeal because I believe it is an important issue;

10. I swear that all of this is true to the best of my knowledge and memory.

X Harold Drew
HAROLD DREW

Sworn and subscribed before me by Mr. Harold Drew at the Adult Correctional Institutions on this 22nd day of March, 2006, in the City of Cranston, County of Providence.

(Signature)

Roland R. Manchester
(print name)
Notary Public Defender

My commission expires: 8/20/2009

Q So, he's moving and he's stooped into that position as you've described for us; is that correct?

A Yes.

Q With respect to Jack's -- your observations of Jack, where was the defendant; can you tell us where he was?

A The back of the truck.

Q And wiping down the locker, were you looking to see what he was doing?

A Where I was wiping down the locker, I was facing the rear of the truck, and as I was wiping, I just happened to look up.

Q Okay. And what did you see or what did you notice at this point, Ms. Dumont?

A I noticed that he was standing with one of the guns in his hand.

Q And what did you see him do with the gun that he had had in his hand?

A He lifted it up to his shoulder and pulled the trigger.

Q Ms. Dumont, had the defendant told you what he was going to do when you arrived on that pathway off William Reynolds Road on that day?

A No.

Q Ms. Dumont, you indicated that Jack was at the position at the locker which was closest to the road; is that correct?

A Excuse me?
Q You indicated that Jack at this time was on the end of the locker which is parallel to the path closest to the road; is that correct?
A Yes.
Q What side of his body was facing towards the defendant at this particular time?
A His back.
Q And you indicated that you saw Harold pull the gun up, the defendant pull the gun up; is that correct?
A Yes.
Q And describe what type of a motion he made with it once he had pulled the gun up.
A What type of motion?
Q Yes.
A I don't understand what you mean.
Q Okay. He pulled the gun up?
A Pulled the gun up and shot it (indicating).

THE COURT: For the record, the witness had her left arm extended, her right arm in a cocked position, and made a motion suggesting a recoil. Would you agree with that, Mr. Lovoy?

MR. LOVOY: Yes, Judge.

THE COURT: All right.

MS. VERONI: Thank you.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, S.C. SUPREME COURT

| | | |
|---|---|---|
| STATE OF RHODE ISLAND | : | |
| v. | : | No. 2005-0108-C.A.<br>(W1-2003-0316A) |
| HAROLD DREW | : | |

**MOTION TO SUPPLEMENT THE RECORD**

Comes now the appellant, Harold Drew, by and through counsel, and respectfully requests this Honorable Court's permission to supplement the record with an Affidavit from the Defendant-Appellant for purposes of appeal.

As reasons therefor, the appellant states the following:

1. During the jury's deliberations, the jury sent the trial justice a note asking that certain testimony be read back to them.

2. In discussing the matter with the parties, defense counsel objected that not enough of the testimony was being read back to the jury; the trial justice did not agree.

3. The trial justice proceeded to have the stenographer, Joanne McQuade, read back some of her notes to the jury. The transcript at p. 1371, line 9, indicates, without more, "(REQUESTED TESTIMONY READ BACK)." (*See* pp. 1367-1371, attached hereto.)

4. While the appellant wishes to raise this issue on appeal, there is no record of what was read back to the jury.

5. Appellate counsel for Mr. Drew tried to determine what testimony was read back to the jury by contacting the stenographer, defense counsel, the trial prosecutor, and the trial justice – all to no avail. (*See* correspondence with Justice Clifton, attached hereto.)

6. Mr. Drew, who has a copy of the trial transcript, told appellate counsel that after he reviewed the transcript, he, in fact, remembered what was read back to the jury.

7. Mr. Drew thus executed the proffered Affidavit, submitted herewith, which reflects what he remembers.

8. Defense counsel below, John Lovoy, reviewed Mr. Drew's Affidavit to see if it jogged his memory; though Mr. Lovoy has no notes on the issue, he indicated that Mr. Drew's recollection "seems right because very little was read back."

9. Without this Affidavit, the appellant will not be able to raise this issue on appeal despite defense counsel's strident objection below.

WHEREFORE, the appellant, Harold Drew, respectfully requests that the record be supplemented with the Affidavit filed contemporaneously with this motion.

Respectfully submitted,

HAROLD DREW

By His Attorney,

CATHERINE GIBRAN, #2796
Assistant Public Defender
Appellate Division

OFFICE OF THE PUBLIC DEFENDER
100 North Main Street
Providence, Rhode Island 02903
(401) 222-1510

CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of March, 2006, I delivered a true copy of the within motion to the Department of the Attorney General, by depositing the same in the box reserved for it, located in the Office of the Clerk, Rhode Island Supreme Court, 250 Benefit Street, Providence, Rhode Island 02903.

______________________________

# ATTACHMENTS

WEDNESDAY, NOVEMBER 10, 2004

AFTERNOON SESSION

(COURT IN SESSION WITHOUT THE JURY AT 12:53 P.M.)

THE CLERK: State of Rhode Island versus Harold Drew, W1/2003-316A.

THE COURT: The Court is addressing the parties in the absence of the jury. The Court has received a written request signed by the foreperson. A copy of that request has been provided to the State, as well as to the defense. In response to the request, the State -- the Court, rather, has ordered the court reporter to search her records to provide the testimony in response to the jury's request. I've just spent perhaps the last fifteen minutes or thereabouts reviewing or previewing the portions of the stenographic transcript, direct examination and cross-examination, as it pertains to the jury's request. Is that accurate, Miss Veroni?

MS. VERONI: Yes, your Honor.

THE COURT: And Mr. Lovoy?

MR. LOVOY: Yes, Judge.

THE COURT: All right. Mr. Lovoy, I understand you wish to be heard on the record as to what the Court intends to read back to the jury.

MR. LOVOY: Yes, Judge. It seems as if the

question says that they would like Bobbie-Jo's testimony on direct, cross, and redirect as it relates to the position of all individuals, Harold, Jack, Bobbie-Jo, at the time of the shot in relation to the pathway and William Reynolds Road. I am interpreting that that they want the positions of the body, all, at the time of the shot and also in relation to the road. I think there should be more read back than what your Honor is planning to read back. We've reviewed the transcript in chambers. I have no problems with the portions that your Honor is going to read. I just think that more should be included, and I think the parts that are -- that aren't included would actually have to do with all the positions, the positions of all the persons at the time of the shot, which I think is what the jury is looking for. In relation to the pathway and Williams Reynolds Road I think is an addendum. I think their question is that they want the positions of all the people at the time of the shot, as well as the relations -- it relates to these people to the pathway and William Reynolds Road. So, that's my suggestion.

MS. VERONI: Judge, we've had an opportunity to review what you plan to read back or have read back to the jury, and the State has no objection to that. I

think that the note is specific in the sense that it's in relation to the pathway and William Reynolds Road, and I believe that the Court's instructions as far as the read back adequately cover the answer to that question.

THE COURT: Certainly, the Court doesn't have the ability to read the jury's mind; but as the Court reads the request, it interprets the request as the jury is asking for the testimony on direct examination, cross-examination, and redirect examination as it relates to the positions of the individuals at the time of the shooting in relationship to the pathway and to William Reynolds Road. The Court is going to order the court reporter to read back those portions which the Court has gone over with counsel in chambers.

There is, however, one portion that the Court is unclear of. I'd ask counsel to approach, please.

(A BENCH CONFERENCE TOOK PLACE OUT OF THE HEARING OF THE COURT REPORTER)

THE COURT: If you could bring the jury in, please.

For the record, while the jury requested read back of direct, cross, and redirect, the Court, in its examination of the court reporter's transcription, only finds that there were questions and answers specifically related to this on direct and

cross-examination. There was no questioning on redirect nor on recross pertaining to this particular matter. Would you agree with that, Mr. Lovoy?

MR. LOVOY: If the portion I read was the entire request, I accept that.

THE COURT: Miss Veroni, would you agree with that, also?

MS. VERONI: Just -- I just didn't have the opportunity, and I trust the Court, to review the redirect. I don't believe that was provided.

THE COURT: That was provided but there was nothing that the Court found that was related to this matter.

(THE JURY WAS ESCORTED INTO THE COURTROOM AT 1:02 P.M.)

THE CLERK: State of Rhode Island versus Harold Drew.

THE COURT: Madam Foreperson and members of the jury, the Court has received your request that certain testimony from Miss Dumont be read back to you. Your specific written request was Bobbie-Jo's testimony on direct, cross, and redirect as it relates to position of all individuals, Harold, Jack, Bobbie-Jo, at the time of, it says the shot, but the Court interprets that as the shooting, in relation to the pathway and William Reynolds Road. Is that your request, Madam

Forelady?

THE FOREPERSON: Yes.

THE COURT: I have requested the court reporter to review her notes and she is prepared to read back to you testimony of Miss Dumont on direct and cross-examination. There were no questions on this point on redirect or recross-examination.

Mrs. McQuade, you may proceed.

(REQUESTED TESTIMONY READ BACK)

THE COURT: Ladies and gentlemen, that is the portion of the direct and cross-examination as the Court interprets your question to the Court. If you are not satisfied that the Court has ordered the court reporter to read back the portions that you believe you are asking for, simply communicate again with the Court in writing and we'll endeavor to provide that testimony to you.

At this time, you may be excused and continue with your deliberations.

(THE JURY WAS ESCORTED OUT OF THE COURTROOM AT 1:10 P.M. TO FURTHER DELIBERATE)

THE COURT: Mr. Drew may be removed from the courtroom.

(RECESS TAKEN AT 1:11 P.M.)

(THE JURY WAS ESCORTED INTO THE COURTROOM WITH A

OFFICE OF THE PUBLIC DEFENDER
100 North Main Street, 4th Floor
Providence, RI 02903

**General Information**
(401) 222-3492

January 26, 2006

The Honorable Edward C. Clifton
Rhode Island Superior Court
McGrath Judicial Complex
4800 Tower Hill Road
Wakefield, RI 02879

**RE:** ***State of Rhode Island v. Harold Drew***
**Case No. W1/2003-0316A**
**Supreme Ct. No. 2005-108-C.A.**

Dear Justice Clifton:

I am currently representing Mr. Drew on the appeal of his convictions in the above-captioned case.

During the jury's deliberations, the jurors asked that certain of the trial testimony be read back to them. While the prosecutor was satisfied with the passages that Your Honor decided to have the stenographer read to the jurors in answer to their question, Mr. Lovoy suggested that the selected portions of the transcript would not be sufficient. Unfortunately, I cannot assess whether or not this issue should be raised on appeal since the stenographer did not note the precise testimony she read to the jurors in response to their inquiry. (Please see the attached excerpt from the trial transcript at p. 1371.)

When I recently telephoned Ms. McQuade, she advised me that she did not record what she had, in fact, provided to the jury since she was reading from her original, "raw" notes. Mr. Lovoy has no contemporaneous notes that would illuminate me; Ms. Veroni as agreed to check her notes upon my request. Mr. Lovoy told me that Your Honor appears to take excellent notes. Although I realize that this may not be the type of information that the Court would be likely to record, even with copious notetaking, I thought there would be no harm in asking . . . just in case.

I am so sorry to trouble you with this question given your very busy schedule. However, I am just trying to do as thorough a job as possible in representing Mr. Drew before the Rhode Island Supreme Court. I would be so very grateful to hear back from you or your clerk at your convenience, one way or another.. Our telephone number here in the appellate division is 222-1510.

With sincere thanks for your kind attention to this matter, I remain,

Respectfully,

Catherine Gibran

Catherine Gibran
Assistant Public Defender
Appellate Division

CG/bam
Enclosure
cc: Aaron Weisman
Department of the Attorney General

# Superior Court of Rhode Island

FEB 1 2006

Joseph F. Rodgers, Jr.
Presiding Justice

*Associate Justices:*
Alice Bridget Gibney
Robert D. Krause
Melanie Wilk Thunberg
Vincent A. Ragosta
Mark A. Pfeiffer
Patricia A. Hurst
Francis J. Darigan, Jr.
Judith Colenback Savage
Michael A. Silverstein
Stephen J. Fortunato, Jr.
Edward C. Clifton
Netti C. Vogel
William A. Dimitri, Jr.
O. Rogeriee Thompson
Gilbert V. Indeglia
Stephen P. Nugent
Edwin J. Gale
Susan E. McGuirl
Daniel A. Procaccini
Jeffrey A. Lanphear
Allen P. Rubine

January 31, 2006

Catherine Gibran, Esq.
Assistant Public Defender
Public Defender's Office – Appellate Division
100 North Main Street – 4th Floor
Providence, Rhode Island 02903

Re: *State of Rhode Island vs. Harold Drew*

Dear Ms. Gibran:

First, no need to apologize for asking that I check my notes or my memory in responding to your question.

I looked over my trial notes from the Drew trial and I did not take down the portions of the testimony read back to the jury at the jury's request. Obviously, the written request from the jury should be part of the record that was transmitted to the Supreme Court.

Other than relying upon the portion of the transcript you provided to me (pages 1367-1371), I have no notes or recollection of the portions of the witness' testimony that was read to the jury at their request.

I hope that this has been of some assistance to you in this matter.

Very truly yours,

Edward C. Clifton LLS

Edward C. Clifton
Associate Justice

ECC/lls
CC: Aaron L. Weisman, Esq.

**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS**
**SUPREME COURT**

| | | |
|---|---|---|
| **STATE OF RHODE ISLAND** | : | |
| | : | |
| **vs.** | : | **No. 05-0108-C.A.** |
| | : | |
| **HAROLD DREW** | : | |

**STATE'S RESPONSE TO DEFENDANT'S MOTION TO SUPPLEMENT THE RECORD**

The Office of the Public Defender is currently working on its *Brief-in-Chief* in the above-captioned case. In connection with that undertaking, his appellate attorney has filed a *Motion to Supplement the Record* with an Affidavit of Defendant relating to Defendant's recollection as to what testimony he heard the trial justice read back to the jury. (*Affidavit* [of Defendant] at 2 ("I do recall what was read back [to the jury]: from p. 637, question 4, through p. 638, question 11").) Because, however, the Defendant has not yet filed his *Brief-in-Chief* in this matter, and because the State would need to itself more closely examine the relevant trial transcript (currently in the possession of the Public Defender) and lower court proceedings/file before acquiescing to supplementing the appellate record with an Affidavit of the Defendant himself, the State would respectfully request that Defendant's *Motion to Supplement the Record* be deferred until after the submission of the Defendant's *Brief-in-Chief*, at which time the State may more intelligently evaluate the propriety of supplementing the appellate record with an Affidavit of the Defendant.

Wherefore, the State would ask that Defendant's *Motion to Supplement the Record* be deferred until a reasonable time period after the Defendant's submission of his

*Brief-in-Chief*, at which time the State – armed with the Defendant's *Brief-in-Chief* and the transcripts of the lower court proceedings – will be in a much better position to articulate if and for what reason any objection to Defendant's *Motion to Supplement the Record* is warranted.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

AARON L. WEISMAN #4438
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**Certificate of Service**

I hereby certify that on the 28th day of March, 2006, I served a true copy of the within document upon the Public Defender, Appellate Division, by depositing same in the box reserved for that purpose in the office of the Clerk of the Supreme Court of Rhode Island, 250 Benefit Street, Providence.

**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS**
**SUPREME COURT**

| | | |
|---|---|---|
| **STATE OF RHODE ISLAND** | : | |
| | : | |
| **vs.** | : | **No. 05-0108-C.A.** |
| | : | |
| **HAROLD DREW** | : | |

## STATE OF RHODE ISLAND'S *OBJECTION TO* THE *DEFENDANT'S MOTION TO SUPPLEMENT THE RECORD*

Now comes the State of Rhode Island in the above-captioned matter and, for the reasons expressed in the accompanying memorandum, respectfully objects to the Defendant's motion to supplement the record with *the Defendant's* recollection as to what allegedly occurred during the relevant trial proceedings.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

AARON L. WEISMAN #4438
Department of Attorney General
150 South Main Street
Providence, RI 02903
(402) 274-4400

**Certificate of Service**

I hereby certify that on the 19th day of July, 2006, I served a true copy of the within document upon the Public Defender, Appellate Division, by depositing same in the box reserved for that purpose in the office of the Clerk of the Supreme Court of Rhode Island, 250 Benefit Street, Providence.

**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS**
**SUPREME COURT**

| | | |
|---|---|---|
| **STATE OF RHODE ISLAND** | : | |
| | : | |
| **vs.** | : | **No. 05-0108-C.A.** |
| | : | |
| **HAROLD DREW** | : | |

**STATE OF RHODE ISLAND'S MEMORANDUM IN OBJECTION TO THE *DEFENDANT'S MOTION TO SUPPLEMENT THE RECORD***

During the course of Defendant's October – November 2004 first-degree murder trial,[1] the jury requested that certain testimony be read back to them. (*Please see* the appended trial transcript pages.) Some discussion then ensued, between the Court (Clifton, J.), the prosecutor, and Defendant's counsel (who interpreted the jury's read-back request more broadly than did the Court and the prosecutor), after which a bench conference, outside the jury's presence, took place. (*Id.*) When the bench conference concluded, the jury was brought back into the courtroom. At that point, the trial justice clarified with the petit jury the testimonial-portion they wanted read-back, and – with absolutely no comment, let alone objection from defense counsel – the stenographer proceeded to "Read Back" the requested testimony. (*Id.*) As defendant's appellate counsel states "[t]he transcript at p. 1371, line 9, indicates, without more, '(REQUESTED TESTIMONY READ BACK).'." (*Defendant's Motion to Supplement The Record* at p. 1.) Following the read-back, the Court told the petit jury:

> Ladies and Gentlemen, that is the portion of the direct and cross-examination as the Court interprets your question to the Court. If you are not satisfied that the Court has ordered the court reporter to read back the portions that you believe you are asking for, simply

[1] Defendant is before this Court on appeal of his judgment of murder-conviction.

> communicate again with the Court in writing and we'll endeavor to provide that testimony to you.
>
> At this time, you may be excused and continue with your deliberations.
>
> (THE JURY WAS ESCORTED OUT OF THE COURTROOM AT 1:10 P.M. TO FURTHER DELIBERATE)

(Page 1371, lines 10-21 of the trial transcript.)

And that was the end of the matter. As was the case from between the time of the off-the-record bench conference leading right up to the read-back, defense counsel made not a peep of objection respecting the propriety of what the Court – and after it had clarified with the jury what it was they were seeking read-back – had the stenographer read back.

Yet, before this Court, the Defendant on appeal has actually *faulted* the trial justice ("[t]he trial court *clearly erred*")(*Brief-in-Chief-of-Defendant* at 40)(emphasis added) for allegedly "restricting the testimony read back to the jury to a very discrete part of the direct examination only" (*id.*). Defendant, moreover, so faults the trial justice predicated upon *his own* – talk about an interested party – "recall [of] what was read back" (*Affidavit of Defendant* at p. 2, paragraph 8), and seeks permission of this Honorable Court to supplement the record on appeal with such "recall" of an event occurring more than sixteen months earlier.

The State most respectfully but strenuously objects to such *Motion to Supplement.*

*First*, given that, subsequent to the above-referenced bench conference, defense counsel seemingly had absolutely no objection with what Justice Clifton was having read-back to the jury – defense counsel certainly didn't let the judge know he had any problem with it – it is at least as likely that Justice Clifton read back far more than the "very discrete part of the direct examination" (*Brief-in-Chief-of-Defendant* at 40) which

Defendant now (more than sixteen months after the fact) allegedly "recall[s]" having been read back.

*Second*, and more significantly, the record is the record. Defendant, had he wished, could certainly have requested that the record indicate what portion of the "REQUESTED TESTIMONY READ BACK" (P. 1371, line 9 of the trial transcript) was in fact read back. He did not. Indeed, if Defendant wanted to preserve such issue for appeal, it was *his obligation to have such matter put on the record*.[2] It would be most unfair, and certainly against the grain of standard appellate practice and procedure, to permit an appellant who at trial had not thought to put a matter on the record, to "supplement" the record on appeal with not only what was actually put on the record but also with what appellant – more than sixteen months later – "recall[s]" was put on the record.

*Finally*, and following from the above, because Defendant obviously has an interest in having the record supplemented in the way he requests, there is not an insignificant risk that by altering the record in the way Defendant seeks, the truth of what actually happened would be distorted. That is, because it is obviously in the Defendant's interest to "recall", some sixteen-months later, the relevant proceeding in the way he does, the factual truth of what was read to the jury could potentially be forever compromised if Defendant's motion is granted. That is not a risk that the State would wish this Honorable Court take, especially when Defendant could easily have avoided putting the Court in this position by merely, as was his duty if he wished to preserve this

[2] *Cf.* Procopio v. PRM Concrete Corp., 711 A.2d 650, 650 (R.I. 1998)(appellate rule 11 "clearly places a duty on an appellant to ensure *that the record is complete* and ready for transmission.")(emphasis added).

issue for appeal, ensuring at the time of trial that what was read to the jury was indicated in the transcript.

For all of these reasons, then, the State would respectfully ask that Defendant's *Motion To Supplement* be denied.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

AARON L. WEISMAN #4438
Department of Attorney General
150 South Main Street
Providence, RI 02903
(403) 274-4400

**Certificate of Service**

I hereby certify that on the 19th day of July, 2006, I served a true copy of the within document upon the Public Defender, Appellate Division, by depositing same in the box reserved for that purpose in the office of the Clerk of the Supreme Court of Rhode Island, 250 Benefit Street, Providence.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, S.C. SUPREME COURT

STATE OF RHODE ISLAND :

v. : No. 2005-0108-C.A.
(W1-2003-0316A)

HAROLD DREW :

**DEFENDANT-APPELLANT'S REPLY TO THE STATE'S SECOND "RESPONSE TO DEFENDANT'S MOTION TO SUPPLEMENT THE RECORD"**

Now comes the defendant-appellant, Harold Drew, through appellate counsel, and hereby replies to the state's second "Response" to Mr. Drew's Motion to Supplement the Record. The appellant avers as follows:

1. The appellant filed a Motion to Supplement the Record on March 24, 2006, regarding testimony read back to the jury upon their inquiry during jury deliberations.
2. Although the stenographer did not make note of the testimony she read back to the jury (despite defense counsel's lengthy, timely objection to its incompleteness), Mr. Drew does remember the testimony that was read back.
3. Appellate counsel's inquiries to the stenographer, the trial justice, the defense counsel, and the trial prosecutor all were unfruitful in this regard.
4. Pursuant to the state's first "Response" to the appellant's motion, the Court issued an Order on April 13, 2006, deferring the Court's consideration of the appellant's Motion pending the filing of appellant's Brief.
5. The appellant's Brief was filed on June 19, 2006.

6. On June 26, 2006, the state filed a second "Response to Defendant's Motion to Supplement the Record"; the state therein requested "More time [until July 19, 2006] to assess whether objection to defendant's motion is warranted" due to the length of the Brief (65 pages) and the necessity of examining the record below.

7. The relevant issue (Issue IV at pp. 37-43) is only six (6) pages in length.

8. Although the appellant certainly does not want to be unreasonable in the state's request for more time, the state's decision on whether or not to object should not rest on the state's assessment of the perceived strength of the substantive legal issue before the Court, as set forth in the Brief.

9. Mr. Drew is desirous of having this worthy issue, as argued by counsel below and on appeal, reached by this Honorable Court.

WHEREFORE, the defendant-appellant, Harold Drew, would again respectfully urge that his Motion to Supplement the Record be granted.

Respectfully submitted,

HAROLD DREW

By His Attorney,

CATHERINE GIBRAN, #2796
Assistant Public Defender
Appellate Division

OFFICE OF THE PUBLIC DEFENDER
160 Pine Street
Providence, Rhode Island 02903
(401) 222-1510

CERTIFICATE OF SERVICE

I hereby certify that on this day of July, 2006, I delivered a true copy of the within motion to Aaron Weisman, Chief, Appellate Division, Department of the Attorney General, by depositing the same in the box reserved for it, located in the Office of the Clerk, Rhode Island Supreme Court, 250 Benefit Street, Providence, Rhode Island 02903.

______________________________

**Supreme Court**

No. 05-108-C.A.

State of Rhode Island :

v. :

Harold Drew :

# ORDER

Pursuant to the State's request, consideration of the defendant's motion to supplement the record, as prayed, is deferred pending the filing of defendant's brief.

Entered as an Order of this Court this *13th* day of ***April 2006.***

By Order,

Clerk

**Supreme Court**

No. 05-108-C.A.

State of Rhode Island :

v. :

Harold Drew :

**ORDER**

The defendant's motion to supplement the record on appeal with the defendant's affidavit, as prayed, is denied.

Entered as an Order of this Court this *14th* day of ***November 2006.***

By Order,

Clerk