**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **HAROLD T. DREW** | : | |
| | : | |
| **v.** | : | **C.A. 07-259S** |
| | : | |
| **RHODE ISLAND DEPARTMENT** | : | |
| **OF CORRECTIONS,** | : | |
| **ASHBEL T. WALL, DIRECTOR** | : | |

**Motion to Dismiss**
**Petition for Habeas Corpus**

Now comes the State of Rhode Island, by and through its attorneys, and, for the reasons expressed in the accompanying memorandum, respectfully moves to dismiss Petitioner's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.*

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,
**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Virginia M. McGinn
**VIRGINIA M. McGINN, #4525**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on the 20th day of July, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system and, I placed a copy of the within document in the U.S. mail, postage prepaid, to Harold Drew, Pro Se, P.O. Box 8273 Cranston, Rhode Island, 02920 on the same date.

/s/Virginia M. McGinn

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **HAROLD T. DREW** | : | |
| | : | |
| **v.** | : | **C.A. 07-259S** |
| | : | |
| **RHODE ISLAND DEPARTMENT OF CORRECTIONS, ASHBEL T. WALL, DIRECTOR** | : | |

**Memorandum in Support of Motion to Dismiss**
**Petition for Habeas Corpus**

Facts and Travel

Petitioner, Harold Drew, was convicted of first-degree murder, discharging a firearm while committing a crime of violence and three counts of entering a dwelling with intent to commit a larceny therein on November 10, 2004, following a jury trial in Washington County Superior Court (Clifton, J., presiding).[1] After his motion for a new trial was denied, petitioner was sentenced to two consecutive life sentences for the murder and weapon charges and to concurrent ten-year sentences for the break-ins. The Rhode Island Supreme Court (RISC) upheld his conviction on April 18, 2007. *See* State v. Drew, 919 A.2d 397 (R.I. 2007)(Attached Hereto as Exhibit A). As he did in his direct

[1] In accordance with Rule 5(c) of the Rules Governing Section 2254 Cases In The United States District Courts, the Department of Attorney General states that it does not possess any transcripts from this case. With rare exception, the Department of Attorney General does not copy the official transcripts prepared in connection with the appeal of a judgment of conviction to the Rhode Island Supreme Court. Copies of the transcripts on file in state court could be furnished upon request; the time frame for compliance would depend on whether the file is currently located at the state court clerk's office or whether it has been transferred to the offsite records center for long-term storage, which is generally dependant upon the age of the case.

appeal, Drew challenges two jury instructions, two evidentiary rulings and a cross-examination decision made by the trial justice. He also challenges the RISC's denial of his motion to supplement the Supreme Court record with his own affidavit.

Standard

The Anti-terrorism and Effective Death Penalty Act (AEDPA) limits the scope of federal habeas review to those instances where a state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §2254 (d)(1). A decision is "contrary to" established precedent if 1) the state court applies a rule that contradicts a United States Supreme Court case or 2) the facts of the state case are indistinguishable from those of a United States Supreme Court and reaches a different result. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). An "unreasonable application" of law involves some level of incorrectness beyond mere error that makes the decision unreasonable in the objective judgment of the federal court. McCambridge v. Hall, 303 F.3d 24, 36 (1st Cir. 2002)(*en banc*). "[I]f it is a close question whether the state decision is in error, then the state decision cannot be an unreasonable application." *Id.* Also, the federal court shall presume that the state court's determination of factual issues is correct. *See* 28 U.S.C. §2254 (e)(1).

Federal habeas corpus is designed neither to provide an additional layer of conventional appellate review nor to correct "garden-variety errors" of either law or fact that may have occurred in a state criminal trial. Burks v. Dubois, 55 F.3d 712, 715 (1st Cir. 1995). Federal courts are not forums in which to retry state claims and habeas

corpus is precluded "when a state court has reached its decision on the basis of an adequate and independent state-law ground." Burks v. Dubois, 55 F.3d at 716.

Discussion

1. Jury Instructions.

Petitioner claims that the trial justice's jury instructions were improper in that they did not sufficiently explain an "accident" defense and did not include an accomplice instruction. The Due Process Clause of the Fourteenth Amendment requires that the state prove all elements of the crime charged beyond a reasonable doubt. In re Winship, 397 U.S. 359, 364 (1970). However, elements of the crime are defined by state law. Jackson v. Virginia, 443 U.S. 307, 324 (1979). This is particularly so when a defendant's state of mind is at issue.

> The doctrines of actus reus, mens rea, insanity, mistake, justification, and duress have historically provided the tools for a constantly shifting adjustment of the tension between the evolving aims of the criminal law and changing religious, moral, philosophical, and medical views of the nature of man. This process of adjustment has always been thought to be the province of the States.

Montana v. Egelhoff, 518 U.S. 37, 56 (1996).

As the RISC recognized, "the paucity of evidence admitted at trial to support the proposition that Jack's death was accidental did not oblige the trial justice to give a more comprehensive accident instruction" since accident was not a defense pursued by defendant at trial. State v. Drew, 919 A.2d at 397. This is evident not only from the record below, but from petitioner's own habeas filing, "defendant's theory was that this witness [Dumont] was the actual perpetrator". ***Habeas Petition***, p. 5. More than a passing reference by a witness to the word accident is required to trigger the trial justice's obligation to issue an accident instruction. ***See*** State v. Fetzik, 577 A.2d 990 (R.I. 1990).

Moreover, regardless of the defense theory of the case, the RISC found that the trial justice committed no error when informing the jury of the requisite state of mind for murder.

> As to the word "willfully", you are instructed that an act is done willfully if it is done voluntarily and intentionally and not by mistake or accident. *** You should consider all of the facts and circumstances in evidence that you think are relevant in determining whether the state has proved beyond a reasonable doubt that [defendant] acted with the required intent or state of mind.

State v. Drew, 919 A.2d at 404.

The instruction given in this case was consistent with Rhode Island law, as to both the "accident" instruction, or lack thereof, and with the trial justice's finding that an accomplice instruction was not warranted.

With respect to the testimony of Bobbie-Jo Dumont, the trial justice instructed the jury to, "consider whether any witness would have [had] a motive to be truthful or untruthful in his or her testimony," and "whether the promise made to Ms. Dumont itself [was] a strong or impelling reason for a witness to lie, to fabricate, or to color her story." State v. Drew, 919 A.2d at 405. While Drew objected to the adequacy of the instruction, the state also objected since the instruction above was so similar to the accomplice instruction requested by defendant!

As the RISC stated in its decision, "It is well settled in this jurisdiction that 'it is not necessary for a trial justice to give an accomplice charge." State v. Drew, 919 A.2d at 406. It also cited a number of Rhode Island cases in support of that proposition. ***See*** State v. Sivo, 809 A.2d 481, 491 (R.I. 2002) ***and*** State v. Marrapese, 583 A.2d 537, 545 (R.I. 1990). The rationale for this rule is that counsel and not the trial justice are in the best position to argue matters of credibility, including bias, motivation, anticipated

benefits, or rewards. State v. Drew, 919 A.2d at 405-06. With respect to overturning its own precedent, the RISC recognized that it would only consider doing so to eliminate inconsistency and anomalous results and that "defendant proffers not evidence to suggest that the present case undermines our existing law. In fact, for support he cites only foreign decisions that affirm jury instructions substantially similar to the charge given in the instant case." State v. Drew, 919 A.2d at 406.

"Instructions in a state trial are a matter of state law to which substantial deference is owed," and, thus, "[a]s a general rule, improper jury instructions will not form the basis for federal habeas corpus relief." Rosado v. Allen, 482 F.Supp.2d 94, 114 (D.Mass. 2007) ***quoting*** Niziolek v. Ashe, 694 F.2d 282, 290 (1st Cir. 1982). Even in a case where an erroneous jury instruction had been given, which is not the case here, relief through habeas would only be proper if the ailing instruction alone so infected the entire trial that the resulting conviction violated due process. Estelle v. McGuire, 502 U.S. 62, 72 (1991). In the case at bar, the instructions given were consistent with state law, and were not even erroneous, much less a violation of petitioner's due process rights. ***See*** Chaleumphong v. Fico, 429 F.Supp.2d 410, 428 (D.Mass. 2006)(since "Massachusetts is free to define the elements of the crime charged, Chaleumphong's habeas petition must fail because it raises only a question of state law, and he has not established that the SJC decision was contrary to or an unreasonable application of federal law").

2. Evidentiary Issues.

The petitioner also challenges two evidentiary rulings made by the trial justice and reviewed on appeal by the RISC. Drew claims that the trial justice erred by admitting three letters he wrote to his former girlfriend which, in his words, "were very

damaging but only marginally relevant". ***Habeas Petition***, p. 6. He also took issue with the denial of his motion to prohibit the prosecution from using his prior manslaughter conviction to impeach him should he opt to take the stand.

As with the jury instructions, evidentiary issues are not generally a matter for habeas review. "Because this was an evidentiary ruling, it falls within the principle discussed above that an evidentiary ruling of the state court is not reviewable on a habeas petition unless the ruling prevented the petitioner from receiving a fair trial." Simpson v. Spencer, 372 F.Supp.2d 140, 148 (R.I. 2005). ***See also*** Subilosky v. Callahan, 689 F.2d 7, 10 (1st Cir, 1982)(to rise to a constitutional violation, a state court evidentiary ruling must so infuse the trial with inflammatory prejudice that a fair trial is impossible). The state would strongly argue that the trial justice did not err in his evidentiary rulings, much less make errors of constitutional dimensions.

In upholding the admission of the letters, the RISC cites Rhode Island Rule of Evidence 402 for the proposition that "All relevant evidence is admissible." Like Rhode Island, the Federal Rules of Evidence indicate that relevant evidence is generally admissible. "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Federal Rule of Evidence 402. ***See also*** Huddleston v. United States, 485 U.S. 681, 687 (1988)(rules 401 and 402 establish that relevant evidence, that which makes the existence of any fact at issue more or less probable, is admissible unless the rules provide otherwise).

The RISC found, and defendant admits as much, that "[t]here can be no doubt that these three letters were relevant evidence." State v. Drew, 919 A.2d at 406. Two of the

letters suggested defendant's motives for killing the victim and were probative of premeditation, an element of first-degree murder that the state was required to prove beyond a reasonable doubt, and the other letter tended to demonstrate defendant's guilty knowledge in that it could be read as an attempted scheme to cover up the truth about the murder.

Likewise, the RISC found that petitioner's Rule 403 argument also must fail. Federal Rule 403 has been deemed "unquestionably constitutional". Montana v. Egelhoff, 518 U.S. at 42. Citing State v. Brown, 900 A.2d 1155, 1164 (R.I. 2006), the RISC held that, "[t]he mere fact that such evidence is prejudicial to a defendant does not render it admissible." In a sense, all of the evidence admitted by the prosecution is somewhat prejudicial to a defendant, but the trial justice is vested with very broad discretion to determine if the evidence is so unduly prejudicial that its relevance is outweighed. *See* Simpson v. Spencer, 372 F.Supp.2d at 149 ("The petitioner is thus hard-pressed to show that the cognate Massachusetts rule is in itself contrary to established Supreme Court precedent. Nor has he shown that, in applying the Massachusetts rule in his case, the SJC unreasonably applied Supreme Court precedent. The petitioner simply failed to meet the heavy burden of persuading the SJC that the trial judge had abused her discretion in balancing the probative value of the statement against its potential for prejudice to the petitioner" and no constitutional problem was raised).

Drew's claim of error with respect to his prior manslaughter conviction is particularly weak in a federal court habeas petition, since the protection afforded him in Rhode Island is even greater than that in federal court. In Luce v. United States, 469 U.S. 38, 43 (1984), the United States Supreme Court held that "to raise and preserve for

review the claim of improper impeachment with a prior conviction, a defendant must testify." Drew did not testify at trial. Therefore, if it were to apply federal court precedent, the RISC would not have even had to review the trial justice's decision. Only because its adoption of the Supreme Court's holding in Luce in a 2006 case[2] was prospective, did it review defendant's challenge in the instant case. But in light of Luce and his decision not to testify, petitioner can find little solace in federal court on this issue. In neither of his evidentiary issues, or in his entire habeas petition for that matter, has petitioner cited any United States Supreme Court case that he claims was violated by the state and the cogent analysis by the RISC indicates that the law was reasonably applied and no constitutional problem existed.

3. Cross-Examination.

The petitioner claims that his right to cross-examination was unconstitutionally denied. He basically objects to one question wherein he wanted to ask a witness her opinion about another witnesses' testimony. In addition to citing state law, the RISC discussed the fundamental right of a criminal defendant to cross-examine his or her accusers found in the Sixth Amendment to the United States Constitution. State v. Drew, 919 A.2d at 411. However, the scope of cross-examination is left to the discretion of the trial justice and is not unlimited once sufficient examination has been permitted. State v. Lemos, 743 A.2d 558, 566 (R.I. 2000) ***and*** Davis v. Alaska, 415 U.S. 308, 316 (1974). And as the RISC indicated, "it is well settled that 'a witness is not permitted to offer an opinion concerning the truthfulness of the testimony of another witness.'" State v. Drew,

[2] In State v. Silvia, 898 A.2d 707, 718 (R.I. 2006), the RISC indicated "[w]e shall henceforth follow the practice established by the United States Supreme Court for the federal courts in the case of Luce v. United States…".

919 A.2d at 412 ***quoting*** State v. Higham, 865 A.2d 1040, 1045 (R.I. 2004). There was extensive cross-examination of Dumont and the fact that petitioner was not permitted to ask one inappropriate question, seeking her opinion on the truthfulness of another trial witness, was not error and certainly did not rise to constitutional dimensions. "[T]o permit a response from Ms. Dumont would have invited her to opine impermissibly as to Mrs. Andrews's credibility, a function that is reserved exclusively for the jury." State v. Drew, 919 A.2d at 412.

4. Supplement the Record.

Finally, petitioner argues that the RISC erred by refusing to permit him to supplement the record below with his own affidavit relating to what portion of the transcript was read in response to a jury request during deliberations. The petitioner, perhaps understandably, cites no federal authority for the proposition that a defendant should be permitted to supplement the record with an affidavit and has not met his burden of demonstrating any unreasonable application of federal law. Moreover, there is a state procedural bar, constituting independent and adequate state grounds. ***See*** Procopio v. PRM Concrete Corp., 711 A.2d 650, 650 (R.I. 1998)(appellate rule 11 "clearly places a duty on an appellant to ensure ***that the record is complete*** and ready for transmission.")(emphasis added). "[C]onsiderations of comity and federalism bar the federal court's review." Simpson v. Matesanz, 175 F.3d 200, 205-06 (1st Cir. 1999).

Conclusion

For these reasons, then, the State would respectfully ask that its motion to dismiss Petitioner's ***Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*** be granted.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Virginia M. McGinn
**VIRGINIA M. McGINN, #4525**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on the 20th day of July, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system and, I placed a copy of the within document in the U.S. mail, postage prepaid, to Harold Drew, Pro Se, P.O. Box 8273 Cranston, Rhode Island, 02920 on the same date.

/s/Virginia M. McGinn