MANDATE

07-00259
USDC - PR RI
J. Smith

# United States Court of Appeals
## For the First Circuit

No. 07-2577

HAROLD DREW

Petitioner - Appellant

v.

RHODE ISLAND DEPARTMENT OF CORRECTIONS;
ASHBEL T. WALL, II, Director

Respondents - Appellees

Before

Lipez, Circuit Judge,
Selya, Senior Circuit Judge,
and Howard, Circuit Judge.

JUDGMENT

Entered: June 23, 2008

Petitioner Harold Drew seeks a certificate of appealability (COA) to appeal from the district court's dismissal of his petition pursuant to 28 U.S.C. § 2254. "[A]n application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court [shall be entertained] only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). Of the five issues contained in this habeas petition and addressed in petitioner's memorandum in support thereof, only one seeks relief on the ground that the petitioner is in custody in violation of the Federal Constitution: "Conviction obtained despite unconstitutional denial of cross-examination." § 2245 Petition, Ground Two.

Petitioner's other habeas claims seek relief on the grounds that various evidentiary rulings and jury instructions violated state law. Those state law claims are not cognizable under federal habeas review. See Estelle v. Mcguire, 502 U.S. 62, 71-72 (1991)("the fact that the [jury] instruction was allegedly incorrect under state law is not a basis for habeas relief"); Kater v. Maloney, 459 F.3d 56, 64 (1st Cir. 2006)("'[M]ere' errors under state law in the admission of evidence are not cognizable under federal habeas review").[1]

Petitioner's Federal Constitutional claim is that the trial court's limitation upon his cross-examination of the government's lead witness violated his right to confrontation under the Sixth Amendment. The Rhode Island Supreme Court rejected the constitutional claim on the merits. Recognizing the "'fundamental right of the criminal defendant to cross-examine his or her accusers,'" the Rhode Island Supreme Court also noted that the right was "not unbounded." State v. Drew, 919 A.2d 397, 411 (R.I. 2007) (citations omitted). The court reasoned that "'trial justices are accorded wide discretion to curtail cross-examination after there has been sufficient cross-examination to satisfy the Sixth Amendment.'" Id. (citations omitted). The court ruled that the trial court had not abused its discretion in discontinuing the cross-examination on the particular point objected to by the government which was irrelevant and "would have provoked [the government witness] to comment impermissibly on the truthfulness of [another witness's] trial testimony." Id. at 412.

Petitioner has failed to make the requisite showing to obtain a COA with respect to this claim. "It is undisputed that the trial court retains broad discretion to impose reasonable limits on cross-examination to preclude inquiry which is repetitive, harassing, unduly prejudicial, irrelevant or otherwise improper. Olden v. Kentucky, 488 U.S. 227 (1988)." United States v. Osorio, 929 F.2d 753, 759 (1st Cir. 1991). The trial court sustained the government's objection on the ground that "defendant's question was impermissible because it invited Ms. Dumont to comment on the credibility of Mrs. Andrews's testimony." State v. Drew, 919 A.2d at 411. Reasonable jurists could not find debatable or wrong a determination that the trial court's limitation on the scope of cross-examination on that basis did not amount to an unreasonable application of federal law. See Osario, 929 F.2d at 760.

Petitioner has informed this court that he plans to pursue two

[1] No federal ground has been presented for reversing the Rhode Island Supreme Court's denial of petitioner's motion to supplement the record on appeal to include his affidavit. Nor was any such federal claim presented to the state court.

Federal constitutional claims (not included in his habeas petition) in a motion for post-conviction relief in state court. To the extent that petitioner seeks to appeal from the district court's denial of his motion to vacate so that his petition could be stayed and held in abeyance pending exhaustion of those claims, reasonable jurists could not find debatable or wrong the district court's ruling. See Nowaczyk v. Warden, New Hampshire State Prison, 299 F.3d 69, 77 (1st Cir. 2002).[2]

Petitioner's request for a COA is denied and the appeal is dismissed.

By the Court:

/s/ Richard Cushing Donovan, Clerk

Certified and Issued as Mandate under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

Deputy Clerk

Date: 7-15-08

[2] Petitioner's request for a COA to pursue the claim that the district court erred in not referring his case to a magistrate judge is frivolous.

cc:
Harold Drew
Virginia McGinn